In the Matter of the Claim of DONAT L. CONSTANT, Respondent, against CONSTANT SPRAY PAINTING Co. et al., Appellants, and SPECIAL DISABILITY FUND, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by an employer and its insurance carrier from a decision of the Workmen's Compensation Board in a second injury case. Claimant's accident and injury gave rise to a third-party action which was settled, without the consent of the carrier. Pursuant to agreement made prior thereto, the carrier reduced its lien of $4,847.78 (covering medical expenses of $1,279.68 and 184⅘ weeks compensation payments of $3,568.10) to $1,500. Substantially all of the medical payments and some $2,293 of the compensation payments were for the first 104 weeks. The carrier's application for reimbursement from respondent Special Disability Fund of the amounts paid by it in excess of the compensation and medical benefits paid by it for the first 104 weeks was denied. The board recognized that under the statute the Special Fund had no rights with respect to the settlement. (Workmen's Compensation Law, § 29, subd. 5.) The board held, however, that the carrier must be " actually out of pocket " for 104 weeks of compensation and medical payments made by it, before requesting reimbursement for payments beyond that period; that the carrier's waiver of any portion of its lien " is on its own behalf and is in no way binding on " the Special Fund; and that carrier is not out of pocket for more than 104 weeks " when the amount of the waiver of its third-party lien is excluded and is therefore not entitled to any reimbursement from the Special Disability Fund ". The settlement having been made without the consent of the carrier, this case does not involve the factor of deficiency compensation as do *Matter of Dougherty* v. *Quakenbush Waverly Stage Co.* (10 A D 2d 125) and *Matter of Bowdring* v. *Superior House & Window Cleaning* (10 A D 2d 751). Our holding in those cases is nevertheless decisive here. As between the carrier and the Special Fund, the latter has no concern with

the settlement process nor with the carrier's reimbursement from the proceeds. As between them, the Special Fund's liability is fixed once the carrier has paid medical and compensation benefits for 104 weeks, these being allocated to the second injury, and the responsibility thereafter being that of the Special Fund. Although the carrier did not consent to this settlement, it is to be assumed and is not disputed, that the carrier's prior agreement to reduce its lien recognized that, because of doubtful liability on the part of the defendant in the action or for some other reason, its failure of consent might result in a smaller recovery or none at all. The Special Fund had no standing, once the carrier had made the 104 weeks' payments prerequisite to its discharge, to require that the carrier do more, by withholding its consent to a settlement or to a reduction of lien, to the supposed or speculative advantage of the Special Fund. Decision reversed and matter remitted to the Workmen's Compensation Board for further proceedings, with costs to appellants against respondent Special Disability Fund. Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ., concur.