In the Matter of the Claim of HENRY P. DUHAMEL, Respondent, *v.* RUTH SIGN SERVICE, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, July 12, 1973.

*Walworth, Harding & Welt* (*Dixon S. Welt* of counsel), for appellants.

*Silverman & Silverman* for Henry P. Duhamel, respondent.

*Louis J. Lefkowitz, Attorney-General* (*Jorge L. Gomez* and *Daniel Polansky* of counsel), for Workmen's Compensation Board, respondent.

STALEY, JR., J. These are appeals from decisions of the Workmen's Compensation Board, filed October 1, 1971 and April 27, 1972.

Claimant suffered work-connected injuries as a result of an automobile collision near Newbury, Vermont, on December 19, 1962. Accident and causal relationship were established on January 20, 1964 and an award was made for the period from December 21, 1962 to February 10, 1963. The case was then closed pending the outcome of a negligence action commenced by claimant on August 2, 1963 in the United States District Court for the District of Vermont. The action was settled for $4,000, and on March 16, 1965, claimant executed a release in settlement of the action. On March 22, 1965, a draft in the sum of $4,000 was issued payable jointly to claimant, his trial attorney, and Employers' Mutual Liability Insurance Company, the carrier herein. This draft was endorsed by claimant's trial attorney and by Employers' Mutual Liability Insurance Company and then forwarded to claimant for his endorsement. Upon receipt claimant refused to endorse the draft until he received a statement showing the manner in which the proceeds were to be disbursed. The record indicates that claimant has never endorsed the draft.

In 1966 claimant returned from California and on July 19, 1966 sought treatment from his local attending physician advising him that he had moved to California in May, 1964, and that neurosurgery had been performed there. He was hospitalized at St. Clare's Hospital, Schenectady, New York, from August 8, 1966 until September 3, 1966. Claimant's bill from St. Clare's Hospital was thereafter forwarded to the carrier without comment. On February 6, 1967 this bill was forwarded to claimant's attorney with a letter from the carrier stating that the last medical report in its file was dated March 26, 1963; that it had received no request for authorization to hospitalize claimant; that carrier was not in a position to make payment

without considerable supportive material that it was related to the original accident.

Claimant's case was reopened on September 20, 1967 whereupon the carrier for the first time asserted that the negligence action had been settled without its written approval as provided by subdivision 5 of section 29 of the Workmen's Compensation Law and, therefore, claimant had forfeited the right to any further compensation benefits.

At the hearing, claimant contended that the draft contained on its face all of the essential elements which the carrier needed to know for approval, to wit: the names of the parties to the action; the date of the accident; the amount of the settlement; that the draft was in full settlement of all claims; and that by endorsement thereof the carrier had given written approval to the settlement within the meaning of subdivision 5 of section 29 of the Workmen's Compensation Law. Claimant also contended that the carrier's failure to object to the settlement at the time the check was presented for endorsement, and its acts and conduct thereafter, including its failure to raise this issue until the date of the hearing, equitably estopped the carrier from asserting that it did not approve the settlement.

The board found that the carrier consented to the settlement and '' that with knowledge of the facts, it signed a draft for the full amount of the settlement rather than for the amount of its reimbursement claim; and that in doing so it approved the compromise and settlement which made the payment possible. On this basis the carrier continues to be liable for the payment of compensation and medical expenses herein over and above the payments made to February 10, 1963.''

While the carrier did not actively participate in the negotiations resulting in the offer of settlement, it was aware of the circumstances surrounding the settlement, its authorized agent endorsed the draft which contained sufficient information to at least put it on notice, and its subsequent actions were such that it should not be permitted to claim nonconsent. The board properly found that the carrier was aware of the settlement proceedings and with full knowledge of the facts signed the draft thereby approving the compromise and settlement which made the payment possible.

The decisions should be affirmed, with costs to the Workmen's Compensation Board.

HERLIHY, P. J., GREENBLOTT, COOKE and REYNOLDS, JJ., concur.

Decisions affirmed, with costs to the Workmen's Compensation Board.