■ In the Matter of the Claim of Darwin A. Rought, Respondent, v Swift & Company et al., Appellants, and Special Fund for Reopened Cases, Respondent. Workmen's Compensation Board, Respondent.—Appeal from a decision of the Workmen's Compensation Board, filed August 8, 1974, as amended by a decision filed May 1, 1975, which discharged the Special Fund for Reopened Cases from liability and from a decision dated January 20, 1975 which refused further consideration of the matter. The carrier contends that the board's decision that it had consented to a third-party settlement of claimant's 1964 accident is not supported by the record; that the Special Fund is estopped from denying liability by reason of its conduct at hearings, or because of laches cannot be relieved of liability; and that the board's refusal to reconsider its decision was arbitrary and capricious. Besides those express points of error, the carrier pointed out that it did not participate in the fact-finding hearings because it had been discharged by a referee. Further, the carrier in its brief points out that Special Fund never raised any issue as to whether or not there had been a final closing of the case or that the claim was for "deficiency" compensation until its appeal to the board. The claimant sustained an accident on November 12, 1964. Compensation was paid, the last payment being on March 24, 1966 and on October 7, 1966 it was closed without prejudice. The matter was reopened based upon a medical report filed July 14, 1972. It is readily apparent that the case was reopened more than three years after the last payment and also more than seven years from the date of the accident so that upon its face the claim was properly one involving only the Special Fund pursuant to section 25-a of the Workmen's Compensation Law. At the first hearing held on reopening, the carrier moved to be discharged from liability pursuant to section 25-a and the Special Fund representative stated on the record that there was no objection by it to the motion and, accordingly, the carrier was discharged. In this particular case the record contains substantial evidence to support the finding of the board that the carrier had consented to the third-party settlement by claimant (see *Matter of Duhamel v Ruth Sign Serv.*, 42 AD2d 198, 200; *Matter of Constant v Constant Spray Painting Co.*, 10 AD2d 750, 751). Nevertheless, the carrier was not a party to the hearings whereat the evidence was developed and the board should have given the carrier the opportunity to develop what evidence it may desire to present. This point was raised in oral argument before the board and is recited as part of its argument upon this appeal. The record does not contain any facts which would require an estoppel of the Special Fund as against the carrier. There is also no basis for holding that the board should have rejected the Special Fund's appeal because of laches insofar as the carrier is concerned. However, upon remittal, the question of whether or not the claim is for deficiency benefits and liability as between the carrier and the Special Fund can be further explored. It should be noted that in the present posture of the case there has been no finding which would preclude the claimant from

recovering benefits and the claimant did not appeal the board's decision. Accordingly, we are not in this decision passing upon any rights which the claimant might have as against the Special Fund in the event that the board should ultimately determine that the carrier is not liable pursuant to section 29 of the Workmen's Compensation Law. Decisions reversed, with costs to claimant against the Special Fund for Reopened Cases, and matter remitted to the Workmen's Compensation Board for further proceedings not inconsistent herewith. Koreman, P. J., Greenblott, Mahoney, Main and Herlihy, JJ., concur.